THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| IOELU TOAFE JR., <br><br> Plaintiff, <br><br> v. <br><br> TAYLOR STIRLAND et al., <br><br> Defendants. | **MEMORANDUM DECISION & DISMISSAL ORDER** <br><br> Case No. 2:23-CV-224-TS <br><br> District Judge Ted Stewart |

Plaintiff, Ioelu Toafe Jr., a Utah state inmate, filed this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2025), proceeding *in forma pauperis*, 28 *id.* § 1915. (ECF Nos. 1, 4-5.)

After screening Plaintiff's Complaint, the Court ordered him to cure its deficiencies. (ECF Nos. 5, 19.) In that Cure Order, the Court gave specific guidance on the deficiencies, along with other details to help Plaintiff file an amended complaint with valid claims if possible. (ECF No. 19.) The Court further notified Plaintiff, "If an amended complaint is filed, the Court will screen each claim and defendant for dismissal or an order effecting service upon valid defendants who are affirmatively linked to valid claims." (*Id.* at 7.)

Plaintiff has since filed the Amended Complaint (AC), which retains many of the flaws warned against in the Cure Order. (ECF Nos. 19, 23.) The AC names as defendants the same three Salt Lake City Police Department (SLCPD) officers named in the original Complaint: Jennifer Bithell, Ryan Smithson, and Taylor Stirland. (ECF No. 23.) Plaintiff sets forth two

causes of action: perjury and a due-process violation. (*Id.* at 4.) He does not specify the relief requested.[1] (*Id.* at 6-7.)

---

[1]Plaintiff's claims possibly attack his very conviction. Though Plaintiff has not specified the relief requested, to the extent that he seeks to have his conviction invalidated, such a request may be properly raised only in a habeas-corpus petition in a different case. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."); *see also Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (holding habeas corpus is sole federal remedy when state prisoner seeks any relief that "would necessarily demonstrate the invalidity of confinement or its duration"); *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*." (emphasis added)).

Further, in its earlier Cure Order, the Court notified Plaintiff of the following:

> Plaintiff's claims appear to include some allegations that if true may invalidate Plaintiff's conviction or sentence, if Plaintiff has been convicted and sentenced. "In *Heck*, the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's [incarceration] cannot be maintained unless the [basis for incarceration] has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, 315 F. App'x 738, 739 (10th Cir. 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck* keeps litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.
>
> Plaintiff argues, in part, that Plaintiff's constitutional rights were breached in a way that may attack Petitioner's very imprisonment. *Heck* requires that, if a plaintiff requests § 1983 damages, this Court must decide whether judgment for the plaintiff would unavoidably imply that Plaintiff's incarceration is invalid. *Id.* at 487. Here, it appears it may. If this Court were to conclude that Plaintiff's constitutional rights were violated in a prejudicial manner, it would be stating that Plaintiff's incarceration was not valid. Thus, the involved claims "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* This has possibly not happened and may result in dismissal of such claims.

(ECF No. 19, at 5-6.)

The Court's search of state-court dockets reveals that Plaintiff was sentenced in Utah's Third District Court on March 18, 2024. *State v. Toafe*, No. 221912407 (Utah 3d Dist. Ct. Mar. 18, 2024) (docket). He then filed a Notice of Appeal on April 15, 2024. (*Id.*) The appeal is now pending in the Utah Court of Appeals. *State v. Toafe*, No. 20240406 (Utah Ct. App. June 18, 2025) (docket). This means that any allegations in the AC that may invalidate Plaintiff's conviction or sentence may not be maintained under § 1983 at this time. *See Heck*, 512 U.S. at 486. Any such allegations are not further considered here.

2

Having now thoroughly screened and liberally construed[2] the AC under its statutory review function,[3] the Court dismisses this action.

## ANALYSIS

### 1. Standard of Review for *Sua Sponte* Dismissals

Assessing a complaint for failure to state a claim upon which relief may be granted, this Court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when--though the facts are viewed in the plaintiff's favor-- the plaintiff has not posed a "plausible" right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550

---

[2]The Court recognizes Plaintiff's *pro se* status, and so construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Still, such liberal reading is meant merely to overlook technical formatting errors and other similar defects in Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not excuse Plaintiff from the duty to meet various rules and procedures directing litigants and counsel or the mandates of substantive law; regarding these, the Court will treat Plaintiff with the same standards applicable to counsel licensed to practice law before this Court's bar. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

[3]The screening statute reads:
    (a) Screening.--The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
        (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.
28 U.S.C.S. § 1915A (2025).

U.S. at 556). When a civil-rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original). "[T]he complaint must contain something more than 'unadorned, the-defendant-unlawfully-harmed-me accusation[s].'" *Eaves v. Kory*, No. 24-1048, 2024 U.S. App. LEXIS 12964, at *2-3 (10th Cir. May 30, 2024) (unpublished) (quoting *Iqbal*, 556 U.S. at 678). Also, "[f]acts, not conclusions, must be pleaded--'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions,' including where a 'legal conclusion [is] couched as a factual allegation.'" *Renaud v. Ross*, No. 1:22-CV-212, 2023 U.S. Dist. LEXIS 19808, at *8 (D. Wy. Jan. 27, 2023) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

As the Court reviews the sufficiency of Plaintiff's allegations, it painstakingly does so per individual defendant, per cause of action. *See Williams v. Utah Dep't of Corr.*, 928 F. 3d 1209, 1212 (10th Cir. 2019) (stating plaintiff must "explain[] which . . . prison-official defendants are liable for what improper conduct"). Indeed, § 1983 cases often include a list of defendants, like

> the government agency and a number of government actors sued in their individual capacities. . . . [I]t is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

*Robbins*, 519 F.3d at 1249-50 (emphasis in original) (citing *Twombly*, 550 U.S. at 565 n.10). When a complaint "fails to isolate the allegedly unconstitutional acts of each defendant," the plaintiff has not carried the burden of providing "adequate notice as to the nature of the claims against each." *Id.* at 1250. For instance, when a complaint uses "the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Id.*[4]

---

[4]Because the original complaint had "not properly affirmatively link[ed] specific civil-rights violations to defendants," the Cure Order contained a section marked, "Affirmative Link," under which Plaintiff was alerted that each defendant must be linked to the particular behavior that constitutes a legal claim. (ECF No. 19.) This quote from a case was provided to Plaintiff so that he would understand his burden:
> [A] plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement. That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins*, 519 F.3d at 1250 (explaining that when plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*" (emphasis in original)); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants--"despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"--and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

(*Id.* at 4-5.) (quoting *Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019)).
   Plaintiff was further warned,
> "A plaintiff's failure to satisfy this requirement [of pleading personal participation by each defendant] will trigger swift and certain dismissal." *Id.* at 790 n.5. The Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id.*

(*Id.* at 5.) (quoting *Roemer*, 764 F. App'x at 790 n.5).
   Other directions in the Cure Order stated,
> (iii) The complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal

The facts stated in each of the following sections are taken from the AC's allegations and are viewed in a light most favorable to Plaintiff. The facts are taken as true for this Order only.

## 2. Lack of Affirmative Link

The complete account of Plaintiff's allegations about "violation of [his] due process" rights are as follows: **a.** "Filed charges against me with no evidence of a firearm which failed to prove grounds of an aggravated charge; **b.** "[o]fficer claims that I admitted to throwing the firearm out of the driver side window which is not true, did not play body cam interview"; and **c.** "[a]ggravated charges were filed against me without the burden of truth, nor the weapon were found, so I was found guilty for aggravated robbery." (ECF No. 23, at 4-5.)

Plaintiff's spare and conclusory allegations do not meet the standards Plaintiff was advised of in the Cure Order. (ECF Nos. 19, 23.) In fact, not one of his vague claims is linked to a named defendant. There is no hint as to which of the individual defendant(s) may have filed

---

participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins*, 519 F.3d at 1250). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.
   (iv) Each cause of action, with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins*, 519 F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id.*").

(ECF No. 19, at 3-4.)

charges against him,[5] or lied about Plaintiff throwing a firearm out the window.[6] (ECF No. 23.) Though thoroughly alerted to his pleading duties, (ECF No. 19), Plaintiff does not "isolate the allegedly unconstitutional acts of each defendant," (ECF No. 23); thus, Plaintiff gives inadequate notice of "the nature of the claims against each" defendant. *Robbins*, 519 F.3d at 1250. Indeed, Plaintiff does not heed the Court's direction that a full explanation of the "'who,' 'what,' . . . 'when,' and 'why'" is required, leaving his allegations insufficient to state a claim. (ECF No. 19 (quoting *Robbins*, 519 F.3d at 1248).)

Further, Plaintiff's terse assertions, of perjury and due-process violations, do not "give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original). The AC has truly nothing "more than 'unadorned, the-defendant-unlawfully-harmed-me accusation[s].'" *Eaves*, 2024 U.S. App. LEXIS 12964, at *2-3 (quoting *Iqbal*, 556 U.S. at 678). Without specifying individual defendant behaviors, Plaintiff says he was harmed but does not provide crucial links between any one defendant and any one allegation of unconstitutional treatment. And he does not provide factual details that build toward the support needed for each element of separate causes of action. Indeed, "[f]acts, not conclusions, must be pleaded"; the Court is not required to accept as true "a

---

[5] Also, it does not seem possible that one of the named defendants filed the charges against Plaintiff, as that would be the role of a prosecutor.

[6] Asserting perjury, Plaintiff's sole allegation is the following: "Officer claims that I admitted to throwing the firearm out of the driver side window which is not true, did not play body cam interview." (ECF No. 23, at 4-5.) Though unclear, perhaps Plaintiff asserts defendant(s) committed perjury while testifying at his criminal trial. *See Toafe*, No. 221903315. In a similar situation, the Tenth Circuit stated, "'[A]ll witnesses enjoy absolute immunity from civil liability under [§] 1983 for their testimony in a prior trial. . . . [W]e have extended [witness immunity] to alleged conspiracies to commit perjury.'" *Kirby v. Dallas Cnty. Adult Prob. Dep't*, 359 F. App'x 27, 31 (10th Cir. 2009) (unpublished) (quoting *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994)).

'legal conclusion couched as a factual allegation.'" *Renaud*, 2023 U.S. Dist. LEXIS 19808, at *8 (quoting *Iqbal*, 556 U.S. at 678).

In sum, Plaintiff's claims are all, fatally, not linked to any specific defendant, despite Plaintiff being thoroughly instructed as to his pleading duties and warned that such omissions would require dismissal. (ECF No. 23.) Plaintiff's articulation of all his allegations fails to "isolate the allegedly unconstitutional acts of each defendant"; Plaintiff therefore gave insufficient notice of "the nature of the claims against each" defendant. *Robbins*, 519 F.3d at 1250.

## ORDER

For failure to state a claim upon which relief may be granted, **IT IS ORDERED** that Plaintiff's Amended Complaint, (ECF No. 23), is **DISMISSED** with prejudice,[7] *See* 28 U.S.C.S. § 1915(e)(2)(B) (2025). Two iterations of the complaint, (ECF Nos. 5, 23), and a full round of

---

[7] Dismissal under *Heck* is without prejudice. *See Birch v. City of Atchison*, 840 F. App'x 365, 367 (10th Cir. 2021) (unpublished) (citing *Fottler v. United States*, 73 F.3d 1064, 1065, 66 (10th Cir. 1996)). Dismissals on the other bases here are with prejudice.

8

comprehensive guidance on curing deficiencies, (ECF No. 19), have not resulted in an adequate pleading. It is apparent to the Court that further opportunity to amend would not lead to a different result.

DATED this 23rd day of June, 2025.

BY THE COURT:

_____
DISTRICT JUDGE TED STEWART
United States District Court